### In re LOWER.

(Court of Appeals of District of Columbia.    Submitted January 15, 1920. Decided February 2, 1920.)

#### No. 1279.

PATENTS ☞101—CLAIMS FOR LOCOMOTIVE STOKER DEVICE NOT SUFFICIENT TO AVOID ANTICIPATION.

   The rule that old parts may be so combined as to produce a patentable result *held* inapplicable to claims for a locomotive stoker device reading directly on prior references, except for the statement that there were a plurality of conduits or conveyers to the fire box, but setting forth no specific construction of such conveyers.

Appeal from Decision of the Assistant Commissioner of Patents.
   Patent application by Nathan M. Lower. From a decision rejecting certain claims, the applicant appeals. Affirmed.

L. K. Gillson and G. B. Gillson, both of Chicago, Ill., for appellant.
T. A. Hostetler, of Washington, D. C., for appellee.

SMYTH, Chief Justice. The Patent Office rejected claims 1, 2, 14, and 15 of the appellant's application for a patent on a device relating

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to a locomotive stoker, on the ground that they were anticipated by a number of references. Claims 1 and 15 are typical. They read:

1. In a locomotive stoker, in combination, fuel transfer mechanism adapted to be located below the deck of a locomotive and its tender, a plurality of conduits receiving and leading upwardly from the transferring mechanism, and delivering independently to the fire box of the locomotive, and elevating means within each of such conduits.

15. In a locomotive stoker, in combination, fuel transferring mechanism adapted to be located below the deck of a locomotive and its tender, a plurality of elevating means receiving from the transferring mechanism and adapted to deliver fuel to the fire box of the locomotive.

The structure covered by the appealed claims embraces a mechanism for transferring coal from a tender to a locomotive, and a plurality of devices for independently elevating the coal from the transfer mechanism to the fire box of the locomotive. The references chiefly relied upon are Brewster, 880,623, March 3, 1908; Fortune, 835,106, November 6, 1906; Elvin, 1,058,356, April 8, 1913; and Street, 1,130,443, March 2, 1915. The Board of Examiners, in refusing to allow the claims, said:

"Claim 1 reads directly upon the patent to Street or Elvin, except for the statement that there is a plurality of conduits receiving and leading upwardly from the transferring mechanism, etc. It sets forth no specific construction or arrangement of the parts and amounts to nothing more than the duplication of the conveyers of the three references. The brief asserts that it is not clear how the conveyers of the references could be duplicated. As the claim calls for no specific construction of conveyer, the question is not whether the specific conveyers of these references could be duplicated, but whether it would be possible without invention to provide a plurality of conveyers of any kind leading to separate openings in the fire box. We think there would be no difficulty in doing this, and do not consider that claim 1 sets forth anything which can be held patentable. The same treatment applies also to claims 2, 14, and 15."

For substantially the same reasons the Assistant Commissioner affirmed the action of the board. We think he was right.

It is undoubtedly true, as urged by the appellant, that old parts may be so combined as to produce a new and valuable result which would be patentable (Goss Printing Co. v. Scott, 108 Fed. 253, 47 C. C. A. 302); but, for the reasons stated by the Patent Office tribunals, we do not think that the result obtained by the applicant comes within the purview of the rule. Nor is this case like In re Rowell, 48 App. D. C. 238, where it was shown that the different inventions preceding Rowell's were failures and that he solved the problem which had puzzled others. It was there asserted that certain references anterior to Rowell's conception taught him how to do the thing which he had accomplished, but this court said it was strange that they were able to teach Rowell that which they failed to teach their own inventors. There is no analogy between the two cases.

The decision of the Patent Office is affirmed.

Affirmed.