### In re SHOLLENBERGER.

(Court of Appeals of District of Columbia. Submitted January 10, 1922. Decided March 6, 1922.)

#### No. 1463.

1. **Patents** ☞113(6)—**Applicant cannot complain of Commissioner's failure to remand to Examiner, which was not requested.**

   Where the applicant did not request the Commissioner, who rejected the application on a ground not considered by the Examiner, to remand the case to the Examiner for amendment of the claims, but instead appealed from the Commissioner's decision, he cannot complain of the Commissioner's failure to remand.

2. **Patents** ☞26(2)—**Joint operation is feature distinguishing "combination" from aggregation.**

   To constitute a combination, as distinguished from an aggregation, it is essential that there should be some joint operation performed by the combination, which produces a new and useful result.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Combination (in patent law).]

3. **Patents** ☞36—**Evidence held to raise doubt as to whether device was merely aggregation.**

   Affidavits of two disinterested engineers that the device of the applicant differed from prior patents, and that the differences were real, fundamental, and essential, and produced a new result, with evidence of practical success of the applicant's device, *held* sufficient to raise a doubt as to whether the device was a mere aggregation instead of a patentable combination.

4. **Patents** ☞36—**Practical success should be given weight on issue of patentability.**

   Proof that a large number of the devices covered by an application for patent were in use, and that the applicant had succeeded where others had failed, should be given weight in determining patentability and invention.

5. **Patents** ☞36—**Doubt as to patentability should be resolved in favor of applicant.**

   A doubt as to patentability of the claim in issue should be resolved in favor of the applicant.

Appeal from the Commissioner of Patents.

Application for a patent by Benjamin V. Shollenberger. From a decision of the Commissioner of Patents, rejecting the application, the applicant appeals. Reversed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Paul Finckel, of Washington, D. C., Ray P. Scott, of Marshalltown, Iowa, and Bair & Freeman, of Des Moines, Iowa, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

SMYTH, Chief Justice. This is an appeal from a decision of the Commissioner of Patents rejecting an application for a patent. The structure upon which the patent is sought is described in one claim, which reads as follows:

In a sanitary closet, the combination with a room, of a toilet bowl therein, having a seat and hinged cover, a tank below said bowl, a relatively large tubular conducting member between said bowl and said tank, a primary vent pipe leading from the upper portion of said tank upwardly through said room, immediately back of the bowl and adjacent to it, and a comparatively small by-pass or secondary vent pipe connecting the upper rear interior of said bowl at the point nearest said primary vent pipe, with said primary vent pipe at an angle of substantially forty-five degrees.

The Primary Examiner and the Examiners in Chief denied the application, on the ground that the invention described was anticipated by patents to three persons, while the Commissioner proceeded on the assumption that "the specific coaction between the various details recited, which is necessary to a patentable combination," was not shown.

[1] Appellant says that, since his application was not twice rejected, or rejected at all, by the Primary Examiner on the ground given by the Commissioner, the latter should have remanded the case to the former, with directions that he, the appellant, be permitted to modify his claims, so as to obviate the newly raised objection. But the ready answer to this is that he did not ask that this be done, but appealed from the Commissioner to this court. It cannot be properly said that the Commissioner erred in failing to do that which he was not requested to do.

[2-4] It seems to be the settled law that, to constitute a combination, as distinguished from an aggregation, it is essential that there should be some joint operation performed by the combination, which produces a new and useful result. American Chocolate Machinery Co. v. Helmstetter, 142 Fed. 978, 74 C. C. A. 240; In re Lower, 49 App. D. C. 226, 263 Fed. 478. But does not the device we are considering produce such a result? Dealing with this subject are affidavits of two disinterested engineers of broad experience in the heating and ventilating art. One of them is a graduate of the Massachusetts Institute of Technology, and the other of the Nebraska State University. For nearly 18 years they have studied problems of ventilation and movements of air. Each engineer carefully examined the references cited by the Office, and compared them, element by element, with the Shollenberger device. They pointed out the differences between the latter and the references, and said the differences were real, fundamental, and essential. According to them, the device of the application is original and accomplishes a new result. There are more than 3,000 of the devices in use, a fact which tends to corroborate the testimony of the engineers that the device achieves results not reached by those of the references. Weight should be given to this on the question of patentability. In re Thomson, 26 App. D. C. 419, 425. It would seem that Shollenberger has suc-

ceeded where others have failed, and this is evidence of invention. In re Rowell, 48 App. D. C. 238, 241, and cases cited.

[5] In view of these things we have serious doubt as to the patentability of the device; and, following our rule that, where there is such doubt, it should be resolved in favor of the applicant, we hold the claim of the issue is patentable, and accordingly reverse the decision of the Commissioner.

Reversed.